**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW DOUGLAS WHITE, | No.    17-15581 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01797-JKS-EFB |
| v. | |
| JOE A. LIZARRAGA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted June 15, 2018
San Francisco, California

Before:  MURPHY,** PAEZ, and IKUTA, Circuit Judges.

Petitioner Matthew Douglas White appeals the district court's denial of his

habeas petition under 28 U.S.C. § 2254.  The district court granted a certificate of

appealability ("COA") on whether White received ineffective assistance of counsel

("IAC") regarding a ten-year plea offer made to White.  We have jurisdiction

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

under 28 U.S.C. § 2253.  We review de novo the district court's legal determination and we review for clear error factual findings made by the district court.  *See Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).  We affirm.

**1.**  In rejecting White's ineffective assistance of counsel (IAC) claim, the district court determined that the California Supreme Court's denial of habeas relief was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2).  Following this determination the district court held an evidentiary hearing and then reviewed White's IAC claim de novo in light of the expanded evidentiary record.  *See Hurles*, 753 F.3d at 778, 790-92.  We need not decide whether the district court erred in its § 2254(d)(2) determination, because its factual findings after the evidentiary hearing were not clearly erroneous and, as noted below, fully support the denial of White's IAC claim.

Given that Platt's testimony that White insisted on going to trial was supported by Conley's testimony, the district court did not clearly err by crediting Platt's testimony over White's.  Having credited Platt's testimony, the district court did not clearly err in finding that in advising White, Platt followed his custom and practice of informing his clients of any plea offers, that Platt had nothing to gain from proceeding to trial, and that White desired to go to trial.  Given these findings, the district court did not err in concluding that under *Lafler v. Cooper*,

2

566 U.S. 156, 163-66 (2012), White received effective assistance of counsel regarding the 10 year offer.

2. We also deny a COA on White's IAC claim regarding his counsel's stipulation that his BAC was .16. The state court reasonably rejected White's claim that his counsel rendered ineffective assistance of counsel by entering into this stipulation, on the ground that White had failed to show prejudice. The district court's conclusion that the state court's decision was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 690 (1984), is not debatable among jurists of reason. *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017). We therefore do not grant a COA on this claim. *See id.*

**AFFIRMED.**